**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **AUDREY EASON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:23-cv-461 (MTT)** |
| | ) |
| **MASTER SECURITY COMPANY,** | ) |
| **LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

Plaintiff Audrey Eason filed this employment discrimination action against her former employer, Master Security Company, LLC, on November 14, 2023. ECF 1. On April 17, 2025, the Court granted Master Security's motion for summary judgment on Eason's sex discrimination, religious discrimination, and retaliation claims under Title VII and denied Master Security's motion on Eason's disability discrimination claims. ECF 31. In a two-day trial, the jury returned a unanimous verdict in favor of Master Security, finding that Eason did not have a disability as defined under the Americans with Disabilities Act ("ADA") during the relevant time period. ECF 53. Eason moved the Court for a new trial pursuant to Federal Rule of Civil Procedure 59(a). ECF 68. For the following reasons, Eason's motion for a new trial (ECF 68) is **DENIED.**

The Court may grant a new trial following a jury verdict "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "[U]nder Rule 59(a), a district court may, in its discretion, grant a new trial 'if in [the court's] opinion, the verdict is against the clear weight of the evidence . . .

or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *McGinnis v. American Home Mortgage Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). But "'[t]he district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury.'" *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991) (quoting *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir.1987)). "When there is some support for a jury's verdict, it is irrelevant what . . . the district judge would have concluded." *Id.*

The jury found that Eason failed to prove she had a disability while employed with Master Security. ECF 53. Eason asserts that she is entitled to a new trial because she "presented uncontroverted evidence that was clearly sufficient to establish that she was disabled," and thus the jury's finding was against the clear weight of the evidence. ECF 68 at 3. Master Security disagrees, arguing that Eason's testimony about her alleged disability lacked credibility. ECF 69 at 3–4.

Under the ADA, an employee is disabled "if she has an impairment that substantially limits a major life activity . . . as compared to most people in the general population." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1272 (11th Cir. 2020) (citation modified). The ADA defines major life activities to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The Court agrees with Master Security that the jury's finding was not against the clear weight of the evidence or a miscarriage of justice. The jury heard evidence that supports a finding that Eason's mental health condition did not rise to the level of a disability while she was employed with Master Security. The jury could have further based its decision on Eason's credibility as a plaintiff, as the only evidence offered in support of her alleged disability came from Eason herself. Eason acknowledged that she signed a voluntary disability disclosure form upon hire with Master Security stating that she does not have a disability.[1] ECF 66 at 32:21–33:6, 99:7–21. She testified that she was not seeing a doctor for feelings of anxiety at the time she started with Master Security because she "kind of learned how to deal with day-to-day life for the most part." *Id.* at 46:14–19. Eason testified that during her employment with Master Security, she experienced "racing heart" and "nervousness." *Id.* at 45:21–25. She testified that she felt "overwhelmed" because Master Security would make "excuses instead of trying to help fix easy problems," such as addressing her issues with clocking in and out. *Id.* at 66:21–67:3. She testified that she never told anyone at Master Security about her condition until the day she was terminated. *Id.* at 106:14–17.

Eason testified that she has experienced panic attacks in different periods of her life, including panic attacks that she thought were heart attacks, but she did not testify this was her experience at Master Security. *Id.* at 40:25–41:3, 41:18–42:8, 43:4–12. She testified that "situations where [she's] overthinking" are "crippling" and that "[i]f you've ever had panic attacks or anxiety . . . you'll understand that it most definitely can keep

---

[1] Eason explained this was because "when [she] first got hired with Master Security," she was "okay," and it wasn't until "being under so much stress at [Master Security] that [she] started even having issues." ECF 66 at 34:7–13.

you from even doing day-to-day, normal activities." *Id.* at 40:9–19. The jury was entitled to weigh this general testimony against the specific testimony Eason provided about her mental health condition and experience at Master Security. For example, when asked whether she was able to perform her job duties as a security guard for Master Security, Eason responded: "Yes." *Id.* at 52:16–19. When asked whether her condition made it hard to work, she responded: "No, I still did my job. I wouldn't say that I was as enthused about it, but I got it done." *Id.* at 68:13–16. She also testified, "the older that I have gotten, I've kind of learned to try my best to just push [feelings of anxiety] down and deal with it." *Id.* at 41:10–14. When asked whether "mental tired[ness]" impacts her thinking, she responded: "[I]t does . . . I'm pretty sure everyone can kind of -- knows what just that mental tiredness is, you know." *Id.* at 68:2–12. This evidence supports the jury's conclusion that Eason was not disabled because she did not have an impairment that substantially limited a major life activity, as compared to the general population.

The Court finds that the jury's verdict was not against the clear weight of the evidence or a miscarriage of justice. Accordingly, Eason's motion for a new trial (ECF 68) is **DENIED**.

**SO ORDERED**, this 16th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-4-